UNITED STATES DISTRICT COURT
DISTRICT OF MARYLAND

CHAMBERS OF
J. FREDERICK MOTZ
UNITED STATES DISTRICT JUDGE

101 WEST LOMBARD STREET
BALTIMORE, MARYLAND 21201
(410) 962-0782
(410) 962-2698 FAX

December 1, 2015

MEMO TO COUNSEL RE: Everest Wealth Management, Inc., et al. v. Christopher Kirk
Civil No. JFM-15-2539

Dear Counsel:

I have reviewed the papers submitted in connection with defendant's motion to dismiss or for summary judgment. I am of the view that discovery should be conducted, and therefore I deny the motion.

The fact that Christopher Kirk was the "agent of record" for Allianz is a complicating factor because, as agent of record, he had access to the records to the customers of Allianz. However, the Covenant of Confidentiality into which Kirk allegedly entered with Everest Wealth Management provided, in pertinent part, that "employ[ee]covenants and agrees that he shall not, at any time during the term of employment or at any time thereafter, . . . make use of for himself . . . any Confidential Information concerning the . . . clients . . . of Company. ... 'Confidential Information' shall include any of Company's confidential, proprietary or trade secret information that is disclosed to Employee or Employee otherwise learns in the course of employment such as . . . customer lists . . . ." Arguably, the lists maintained by Allianz were "customer lists" and arguably Kirk independently contracted with Everest Wealth Management that he would not use them.

I doubt that Kirk committed any violations by sending the press release of the Office of the Maryland Attorney General to anyone with whom Everest Wealth Management had a business relationship. However, arguably he did not only send the press release to such persons but had conversations with them in which he impugned plaintiffs. Discovery must be conducted to determine precisely what, if anything, he said. Likewise, I am satisfied that discovery needs to be conducted on issues arising from the metatags used by Kirk on the website.

My denial of the motion is without prejudice to defendants renewing the arguments they have already made in a motion for summary judgment at the conclusion of discovery.

A conference call will be held on   December 14, 2015  at  4:45  p.m. to discuss the appropriate schedule in this case.   I ask counsel for plaintiff to initiate the call.

Enclosed is a tentative scheduling order with approximate dates for your information. Please consult with one another before the call and be prepared to discuss whether you would

like to participate in a settlement conference either before or after the completion of discovery, any changes to the dates in the form scheduling order, and whether there is unanimous consent to proceed before a U.S. Magistrate Judge for all proceedings.

Also enclosed is a letter regarding a call-in hour program for the resolution of discovery disagreements.

Despite the informal nature of this letter, it should be flagged as an opinion and docketed as an order.

Very truly yours,

J. Frederick Motz
United States District Judge

FILED
U.S. DISTRICT COURT
DISTRICT OF MARYLAND
2015 DEC -1 AM 11:53
CLERK'S OFFICE
AT BALTIMORE
BY_____DEPUTY